IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| STRAITS FINANCIAL LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TEN SLEEP CATTLE CO., and RICHARD CARTER,<br><br>　　　　　　Defendants.<br><br>TEN SLEEP CATTLE CO.,<br><br>　　　　　　Counter-Plaintiff and<br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>STRAITS FINANCIAL LLC,<br><br>　　　　　　Counter-Defendant<br><br>　　and<br><br>JASON PERKINS,<br><br>　　　　　　Third-Party Defendant. | Case No. 1:12-cv-06110<br><br>Honorable James B. Zagel |

**STRAITS FINANCIAL LLC'S SUBMISSION RE DAMAGES AND
PREJUDGMENT INTEREST PER THE COURT'S ORDER OF MAY 24, 2016**

Straits Financial LLC ("Straits"), by its attorney, submits its calculation of damages and prejudgment interest per the Court's Order of May 24, 2016.

In that Order, this Court clarified the portion of its Order of March 30, 2016 holding that Ten Sleep Cattle Company ("Ten Sleep") should have mitigated its damages

1

on or before June 10, 2012 and that it was unwilling to indemnify Ten Sleep for losses after that date; i.e., that Ten Sleep was responsible for the damages that occurred after that date.

In its May 24, 2016 Order, this Court clarified that it had intended June 10, 2012 as the "mitigation date". However, because June 10, 2012 was a Sunday on which there was no trading, this Court requested the parties to submit their calculations of damages and prejudgment interest using Friday, June 8, 2012 and Monday, June 11, 2012 as the alternative "mitigation dates".

Ten Sleep's submission on this issue takes the losses in the "35" account as of those dates and calculates interest at the prime rate (as ordered by the Court) on those dates. Straits agrees that Ten Sleep's mathematical calculation is correct.

However, Straits submits that Ten Sleep inaccurately failed to reduce its damages calculations by the amount that Straits had to pay after June 8/June11 to the Exchanges as a result of the debit in the 35 account. This Court will recall that the 35 account had a debit balance of $168,877.02 even after the offset by the credit balance in the "33" account. Straits was required by Exchange rules to pay that amount to the Exchange and did so. In practice, therefore, Straits has already paid $168,877.02 of the losses in the "35" account. Because the final debit balance in the "35" account was incurred after June 8/June 11, under this Court's ruling of March 30, 2016 the liability for that amount should be allocated to Ten Sleep, not to Straits. Otherwise, in the Court's words, Ten Sleep would in fact be indemnified for that portion of its post-June 8/June11 losses, despite this Court's ruling that Ten Sleep should have mitigated its damages by that time. Moreover, effectively, Straits would be required to pay that amount twice.

2

To account for Straits' payment of the $168,877.02 debit, Straits has taken the losses as of June 8/11, 2012 (the same numbers that Ten Sleep calculated) and then reduced those numbers by the amount of the debit that Straits paid. Straits then calculated prejudgment interest on that remaining amount through both June 8 and June 11, using June 3, 2016 as the final date for interest to run.

These calculations are set forth on the attached spreadsheet. In sum, Straits submits that the correct calculation of damages and prejudgment interest should be as follows:

1. Using June 8, 2012: $1,570,529.91
2. Using June 11, 2012: $1,455,914.41[1]

Wherefore, Straits requests that the Court adopt Straits' calculation as the correct measure of damages under its rulings.

      s/Howard J. Stein
      Attorney for Straits Financial LLC

Howard J. Stein
30 N. LaSalle St.
Suite 2040
Chicago, IL 60602
312.726.4514
hsteinlaw@aol.com
N.D. IL. No. 2116208

---

[1] The June 11, 2012 number is lower primarily because the account value actually increased from June 8, 2012 to June 11, 2012.

**CERTIFICATE OF SERVICE**

Howard J. Stein, one of the attorneys for Straits Financial LLC, hereby certifies that he served a copy of the foregoing Straits Financial LLC's Submission on Damages and Prejudgment Interest upon all counsel or record by the Court's CM/ECF system this 6th day of June 2016.

s/ Howard J. Stein